## Bliss C. White, Appellee, v. Charles Libro, Appellant.

### (Not to be reported in full.)

Appeal from the County Court of Macoupin county; the Hon. TRUMAN A. SNELL, Judge, presiding. Heard in this court at the April term, 1914. Reversed. Opinion filed October 16, 1914.

### Statement of the Case.

Suit to recover rent by Bliss C. White against Charles Libro. An appeal was taken from the judgment of a justice of the peace to the County Court where the case was tried by the court without a jury. The evidence showed that James E. Colvin executed a bond for a deed whereby he agreed to convey real estate to Ercole Libro, a brother of the defendant, provided that he paid a mortgage of $900 to an improvement association in monthly payments of $11.64, and a further sum of $535 to Colvin, to be paid $100 in cash and the balance in monthly payments of $2.61 per month with interest at six per cent. per annum, payable monthly, and all taxes. Ercole Libro was furnished with a pass book and nine shares of stock in the association, such pass book showed sixty-two payments in accordance with the contract, payments being made down to within thirty days of the bringing of this suit. It appeared, however, that Ercole Libro went to Europe after putting his brother in possession of the premises, and that payments were thereafter made by Charles Libro, and entered in the pass book of Ercole Libro.

At the conclusion of the trial, judgment was rendered in favor of plaintiff for $128.25, and the defendant appealed.

PEEBLES & PEEBLES, for appellant.

ALFRED A. ISAACS, for appellee.

Mr. Presiding Justice Thompson delivered the opinion of the court.

### Abstract of the Decision.

Landlord and tenant, § 487*—*when suit for rent will not lie.* Under the Landlord and Tenant Act, § 1, par. 3, (J. & A. ¶ 7039), providing that rent may be recovered when possession has been obtained under an agreement for the purchase of premises and before deed is given, where the right to possession is terminated by forfeiture or noncompliance with the agreement, and possession is wrongfully refused to be given upon demand in writing by the party entitled thereto, such action for rent will not lie where there is no proof of a demand for possession made in writing.

---

### Elizabeth Burke, Administratrix, Appellee, v. Toledo, Peoria & Western Railway Company, Appellant.

1. Master and servant, § 298*—*when station agent and brake man not fellow-servants.* A station agent and a brakeman on a freight train are not fellow-servants.

2. Master and servant, § 350*—*when risk of another servant's negligence not assumed.* The negligence of a station agent in placing baggage and express on the station platform in such close proximity to the tracks as to strike a brakeman riding on the step or stirrup of a box car, while engaged in his duties in connection with switching cars, is not a risk assumed by such brakeman.

3. Master and servant, § 753*—*when contributory negligence a question for jury.* In an action to recover for the death of a brakeman caused by his being struck by baggage and express trucks standing on the station platform while he was riding on the stirrup or step of a passing box car engaged in his duties in connection with switching cars, where there is no evidence tending to show that deceased had any knowledge that the trucks were on the platform, or that they were too close to permit him to pass, the question of his contributory negligence is for the jury.

4. Master and servant, § 485*—*how rule of railroad to be construed.* Where a railroad company's rule provides that "an inferior train must keep at least five minutes off the time of a superior

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.